## BILLINGSLEY v. DAWSON.

Partnership: AGENCY: CHANGE OF FIRM NAME. A change in the name of a firm does not operate to revoke or annul an agency conferred upon it, when the firm under the new name is composed of the same members as that under the old one.

*Appeal from Washington District Court.*

WEDNESDAY, JUNE 9.

THE plaintiff left with the firm of James Dawson & Co., composed of James Dawson and George M. Howe, doing a commission business in Chicago, the sum of $2,000, to be invested in the purchase and sale of corn. The said firm of James Dawson & Co. made one purchase and sale, yielding a net profit to plaintiff of

$431.09. They then made another purchase, and, while holding the corn, they changed the name of their firm to Geo. M. Howe & Co., but it was composed of the same persons, having the same interest, and doing the same business and keeping the same books. After this change of name, the firm sold the corn and made a net profit to plaintiff of $78.05. Afterward the firm, under the name of Geo. M. Howe & Co., made another purchase of corn, which they held some time and then sold, making a net loss to plaintiff of $1,735.68. Plaintiff, being promptly advised, approved, by letter, the transactions affording a profit, as well that by Howe & Co., as by Dawson & Co.; but repudiated the one resulting in a loss, and sues for his money and profits, $2,509.14. There was a trial to the court, who found the facts, and thereon rendered judgment for the plaintiff for $773.46, that being the amount of the original deposit and profits, less the loss. The plaintiff appeals.

*Fairall & Boal* and *Patterson & Rhinehart* for the appellant.

*McJunkin & Henderson* for the appellee.

COLE, J. — The evidence in the case is not embodied in the transcript, and we cannot therefore review the finding of facts by the court. The only question of law presented by the record or argued by counsel is, whether the change of the name of the firm operated to annul the agency which was conferred upon the same persons under another name. We hold that it did not. The confidence or trust of agency was reposed in the individuals having the interest and bearing the relation of partners, and not in the *name* they had assumed. So long as the interest and relation remain unchanged, they might properly exercise the powers conferred by the

principal, although they did it under another name. The counterpart of this proposition would be equally true, to wit, that other individuals, although under the same name as that of the agents when constituted such, would not have the authority to bind the principal. To illustrate a little further, A. B. makes John Smith his agent. But the agent, being anxious to obtain a name affording some index to his individuality, procures an act of the legislature or an order of court (Rev. § 3844) changing his name to John Short, or any other. Does he thereby lose his powers as agent, or may they be exercised by some other John Smith? We think not.

Affirmed.