## WHEATON v. CADILLAC AUTOMOBILE CO.

1. Principal and Agent — Partnership as Agent — Effect of Dissolution.

   A contract of agency, by which a partnership is appointed agent, may be abandoned by the principal upon retirement from the firm of the member of the firm with whom the principal was acquainted and upon whom he relied in the management of the agency business.

2. Contracts — Severable Provisions — Agency and Purchase of Goods.

   Where the main purpose of a contract was to establish a selling agency for the principal's goods, an order and acceptance for goods in connection therewith was incidental to the main purpose, and, on the principal's becoming entitled to abandon the contract of agency, it was also entitled to cancel the order.

3. Sales—Indefinite Order—Effect of Acceptance.

   Where a manufacturer of different styles of automobiles, at different prices, agrees to fill "specified" orders, an order for a certain number of machines, without specification of style, is too indefinite for enforcement, though accepted.

Error to Wayne; Hosmer, J. Submitted December 6, 1905. (Docket No. 148.) Decided January 24, 1906.

Assumpsit by Linden S. Wheaton, doing business as the New Jersey Automobile Company, against the Cadillac Automobile Company for breach of a contract for the sale of certain automobiles. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Clark, Jones & Bryant*, for appellant.

*William H. Wetherbee* (*Thomas T. Leete, Jr.*, of counsel), for appellee.

BLAIR, J. This is a suit brought by plaintiff for himself and as assignee of all the interest of his former partner, Stewart, in the business carried on by the copartnership known as the New Jersey Automobile Company, to recover for the alleged breach of a contract to sell and deliver to plaintiff 50 automobiles, for which plaintiff claims to have placed an order which was accepted by defendant. It is not disputed that there was a contract between the parties, but counsel disagree radically as to its character. Counsel for plaintiff insist that the contract is evidenced by the correspondence between the parties exclusively, and that it was primarily an agreement for the purchase and sale of personal property.

On the other hand, counsel for defendant contend that the contract is to be derived from the correspondence and talks of the parties, and that the agreement was primarily for a selling agency in the State of New Jersey, involving the personal relationship of the parties. The partnership was dissolved, and Mr. Stewart retired from the firm before any automobiles were furnished. Mr. Metzger, at the time the contract was entered into, was sales agent for defendant, was well acquainted with Mr. Stewart, of the New Jersey Automobile Company, and had confidence in him as a salesman of automobiles.

Metzger testified that he relied upon these qualifications in entering into the contract:

"In proposing the arrangement, I certainly relied upon Mr. Stewart being in the capacity of the salesman in handling the business. * * * I never knew Mr. Wheaton (before the agency was given). In fact, originally, I supposed we were dealing entirely with Mr. Stewart. * * * I, of course, expected Mr. Stewart to sell the goods, to maintain the agency, and employ competent help to assist him."

The circuit judge held that the defendant's construction of the contract was correct, and that—

"The order for the 50 automobiles—the acceptance, if there is an acceptance by the Cadillac Company—is predicated upon the consideration that Mr. Stewart would use his personal efforts at least as a partner in the New Jersey Automobile Company, during the balance of the season, in the procuration of orders, and, if that is so, gentlemen of the jury, upon the dissolution of that firm, one of the elements of consideration which moved to the Cadillac Automobile Company was thenceforth lacking."

For this, among other reasons, the circuit judge directed a verdict for the defendant. We are of the same opinion as the circuit judge. The main purpose of the parties, as disclosed by this record, was, we think, the establishing of a selling agency in the New Jersey territory. The sale and delivery of machines to the agency so established was incidental to this main purpose. The contract was an entire one and indivisible, and not, as contended by plaintiff's counsel, separable into two distinct contracts, one for the establishment of an agency, and the other for the purchase of machines. Manifestly, the defendant was entitled, under such a contract, to the personal services of Mr. Stewart; and, having lost them by the dissolution of the partnership, it was entitled to abandon the contract.

We are also satisfied that, even if the contract were severable, there was no such order and acceptance as would bind the defendant to deliver, or the plaintiff to accept, 50 automobiles. Defendant manufactured three

different styles of automobiles for different prices. According to the correspondence, defendant was to fill "specified" orders, and manifestly could fill no others. Until the plaintiff specified what style of machine he wished shipped, the defendant could only guess as to whether it should ship the Runabouts, the Tonneaus, or the Top Automobiles. An order for 50 automobiles was too indefinite for enforcement, if accepted.

The judgment is affirmed.

McALVAY, GRANT, HOOKER, and MOORE, JJ., concurred.