MILBERT F. PRICE *et al., Partners doing business as The United Jewelers Manufacturing Company, Appellants,* v. A. A. WEISNER, *Appellee.*

No. 16,676.

SYLLABUS BY THE COURT.

1. SALES—*Contract Not Sufficiently Definite and Certain.* An order for $360 worth of jewelry, to be made up of articles named in a price list contained in the order, is void where it can not be determined from the writing itself either the quantity, quality or price of any of the articles specified which the plaintiffs were bound to ship and which the defendant agreed to purchase.

2. ——— *Delivery Prerequisite to Action for the Purchase Price.* The plaintiffs sued to recover for goods, wares and merchandise sold and delivered according to the terms of a written order. On the trial the plaintiffs introduced the original order and rested. *Held,* that if the order had constituted a valid and binding contract the court rightly sustained a demurrer in the absence of any testimony showing a delivery of the goods to the defendant.

Appeal from Ellis district court. Opinion filed November 5, 1910. Affirmed.

*A. D. Gilkeson,* for the appellants.

*W. E. Saum,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an appeal from a judgment sustaining a demurrer to the plaintiffs' evidence. The plaintiffs sought to recover $360 for goods, wares and merchandise sold and delivered to the defendant at his special instance and request, according to the terms of an alleged written contract. The petition set up a copy of the written instrument, which included an order for the shipment of goods to the amount named. The answer admitted signing the order and denied the other material averments of the petition. The follow-

ing are the only portions of the writing which are pertinent to the issue involved:

"We place the following factory line of rolled gold plate, gold filled, gold front, sterling silver and oxidized finished articles in assorted styles and patterns on our most liberal and beneficial conditions: Belt buckles or pins from 15c to $2 each, charms and lockets from 15c to $2.50 each, pin sets (three in set) from 15c to $1.25 per set, dress-button sets (three in set) from 16c to $1 per set, single studs 50c each, ditto link sleeve buttons from 15c to $1.25 per pair, emblem pins and buttons 30c to 50c each, lace pins from 16c to $1.50 each, collar buttons from 12c per doz. to $1.44 per doz., scarf pins from 8c to $1.25 each, set and signet rings from 25c to $2.25 each, friendship and baby rings from 15c to 35c each, chased band rings from 35c to 95c each, plain band rings from 50c to $1.05 each, silk fobs from 90c to $1.50 each, vest chains or metal fobs $1.25 to $3 each, sleeve buttons from 15c to $1.25 per pair, ladies' long and neck chains from 75c to $2.75 each, bracelets from 85c to $2.25 each, hat pins from 10c to 50c each, delivered f. o. b. transportation companies and amounting to $360, which can be paid one-fourth in two months, one-fourth in four months, one-fourth in six months and one-fourth in eight months, without interest if acceptances are given 10 days from date of invoice, otherwise terms are net cash 15 days or 6 per cent discount 10 days.

"The United Jewelers Manufacturing Company is hereby authorized at their option to reduce but not increase the amount of this order, and if thus reduced the same to stand as if originally so given.

"United Jewelers Manufacturing Company factory:

"Please ship at your earliest convenience the goods listed in this order, and no others, all of which I fully understand and approve.

A. A. WEISNER, owner of store."

On the trial the plaintiffs offered in evidence the original instrument and rested.

There are two sufficient reasons why the demurrer was rightly sustained. First, if the instrument had constituted a binding contract the plaintiffs, in order to recover, would have been obliged to offer some proof

to show that the goods were delivered in accordance with the contract. There was no offer of any evidence except the alleged contract itself. Until delivery the seller can maintain no action for the purchase price, except in those cases where the contract contemplates that he shall retain possession. (24 A. & E. Encycl. of L. 1068.)

Second, the written instrument is not sufficiently definite and certain in respect to its subject matter and terms to constitute a contract binding upon either party. It can not be determined from the writing itself either the number, price or quality of any of the articles specified which the plaintiffs were bound to ship or which the defendant agreed to purchase. The order might have been filled by shipping but one kind of jewelry, or any number of each class or pattern of jewelry until the total amount of the purchase price figured $360. The offer of the plaintiffs is so uncertain and indefinite in its terms that no court can ascertain its meaning or fix the exact liability of the parties, and therefore its acceptance can not result in an enforceable contract. A case directly in point, involving an order for merchandise, worded in almost identical terms, is *Price v. Atkinson,* 117 Mo. App. 52, where the trial court sustained a demurrer to the evidence and the judgment was affirmed because the written instrument was held to be too indefinite and uncertain in its subject matter and terms to constitute a contract binding upon either party. In the opinion it was said:

"Defendant ordered three hundred and eighty dollars' worth of jewelry from plaintiffs' stock, to be made up of the articles named in the order, but no definite quality, price or number of any one or more of these articles is mentioned. The first item, 'buckles or pins,' might be filled with all buckles and no pins, or with all pins and no buckles, or with both buckles and pins, at fifteen, twenty-five, thirty, fifty, seventy-five cents, one or two dollars per dozen, and it might be filled by one dozen of either, or both buckles and pins, or with one

hundred dozen of either or both. So with every other article named in the order, quantity, quality nor price are anywhere mentioned, therefore, the subject matter of the contract is too indefinite to be capable of identification." (p. 57.)

To the same effect are *Railway Co. v. Bagley,* 60 Kan. 424, *Cold Blast Transp. Co. v. Kansas City Bolt & Nut Co.,* 114 Fed. 77, *City of Ft. Scott v. W. G. Eads Brokerage Co.,* 117 Fed. 51, and *Wheaton v. Cadillac Automobile Co.,* 143 Mich. 21.

The judgment is affirmed.