BENJAMIN F. SCHLAU, Appellant, *vs.* ELIZABETHA
ENZENBACHER, Appellee.

*Opinion filed December 16, 1914.*

PRINCIPAL AND AGENT—*dissolution of partnership terminates a contract appointing the partnership as agent.* A contract appointing a partnership to act as agent of the owner of land in selling the lots is immediately terminated by the dissolution of the partnership, and the fact that one partner continues in the real estate business under the firm name does not authorize him to bind the owner by executing a sale contract in his own or in the firm name.

APPEAL from the Superior Court of Cook county; the Hon. JOHN M. O'CONNOR, Judge, presiding.

CASWELL & HEALY, for appellant.

VINCENT D. WYMAN, CHARLES E. CARPENTER, and OTTO W. JURGENS, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook county dismissing for want of equity the appellant's bill for specific performance. On September 9, 1909, Elizabetha Enzenbacher, the appellee, entered into a written contract with John P. Foerster and Bernard F. Clettenberg, doing business under the firm name of John P. Foerster & Co., whereby said Foerster & Co. were given the agency, for a period of three years from that date, to sell 146 lots therein described and of which appellee was the owner, in Robert S. Disney's Irving Park subdivision in the northwest quarter of section 14, township 40, north, range 13, east of the third principal meridian, in Cook county. By this agency contract it was provided that if Foerster & Co. succeeded in disposing of 73 or more of the said lots during the term of that contract the contract should be extended for a further period of three years in which to dispose of the remaining lots upon the same terms and con-

ditions as stipulated in the contract. Under this contract Foerster & Co. were authorized to sell the lots specified, either for cash or on installments, to collect the purchase price as it became due and pay appellee her portion of the same as it was collected, and to have control, generally, of each sale until the full amount of the purchase price had been paid. Appellee agreed to execute, simultaneously with each contract of sale, a warranty deed conveying to the purchaser the lot so contracted to be sold, which deed was to be held in escrow by Foerster & Co. until the entire amount of the purchase money should be paid, whereupon Foerster & Co. were authorized to deliver the same to the purchaser. Between the date of the contract and the month of September, 1912, Foerster & Co. contracted for the sale of 21½ of said lots. On September 7, 1912, John P. Foerster, under and by the name of Foerster & Co., entered into a contract with Benjamin F. Schlau, the appellant, for the sale of 51½ lots, which would bring the total number of lots sold to 73 and would thus extend the contract of agency between appellee and Foerster & Co. for a further period of three years. When requested to make deeds of conveyance of these lots to appellant and to ratify the sale to him, appellee declined to do so and denied the authority of John P. Foerster, who was then doing business under the style of John P. Foerster & Co., to bind her by his contract with appellant.

Numerous questions are raised on this record and each of them is argued exhaustively. It will be necessary for us to consider but one of the points presented.

On April 1, 1911, the partnership theretofore existing between John P. Foerster and Bernard F. Clettenberg was dissolved and that firm and partnership thereupon ceased to exist. John P. Foerster continued in the real estate business and continued to use the old firm name of John P. Foerster & Co. Appellee was eighty-three years of age at the time of the hearing on the bill herein, and at the time

of the execution of the contract of September 9, 1909, she was in feeble health and continued in that condition thereafter until this controversy arose. She very seldom left her home and was never in the office of Foerster & Co. but once after the execution of the contract of September 9, 1909. While some contracts for the sale of lots were made by Foerster in the name of John P. Foerster & Co. after the dissolution of the partnership, it does not appear from the record that appellee was ever informed of the dissolution of the partnership, or that she knew, until the contract was entered into between John P. Foerster and appellant, that the partnership had been dissolved and that the interest of Clettenberg in the agency contract had ceased.

The dissolution of a partnership which has been authorized to act as agent is generally held to revoke the agency. In *Martine* v. *International Life Society of London,* 53 N. Y. 339, in dealing with a similar question, the Court of Appeals said: "The death of one member of a firm operates immediately and inevitably as a dissolution. (Story on Partnership, sec. 317; Parsons on Partnership, 438.) During the existence of a partnership each member is deemed to be authorized to transact any business for the firm, but upon dissolution this authority ceases and the only authority of the survivor is to close up the business. He has no right to create new obligations, nor, indeed, to do anything in the name of the firm except such as is necessary in adjusting and closing its concerns. (*VanKeuren* v. *Parmelee,* 2 N. Y. 523.) It is a general rule of the common law that an authority by a principal to two persons to do an act is joint and the act must be concurred in by both. (Dunlap's Paley on Agency, 177; *Green* v. *Miller,* 6 J. R. 39; 13 Jurist, 938; Story on Agency, sec. 42.) When a firm is appointed to an agency this rule would necessarily be modified to the extent that either member of a firm could do any act within the scope of the agency, the same as he could perform any other partnership act. By

appointing a partnership firm it would be implied that the authority was joint and several, but upon dissolution of the firm such an agency would cease. This is the necessary result of the principles alluded to. The principal would not be bound by the act of a surviving member of a firm, because he had never appointed him to act nor agreed to be responsible for his acts, and the latter could incur no obligation against the deceased member or his representatives."

The case of *Larson* v. *Newman,* 19 N. Dak. 153, (121 N. W. Rep. 202,) presents a state of facts almost identical with that of the case at bar. In that case Newman entered into a written contract with a firm consisting of three co-partners, who were engaged in the business of land agents, to sell for him a tract of land which he owned in North Dakota. Thereafter the partnership was dissolved, one of the partners continuing in the same line of business. The partner who thus continued in the business entered into a contract with Larson for the sale of Newman's land, relying upon the agency contract theretofore entered into between Newman and the partnership. Newman refused to ratify the sale and execute a deed, and Larson brought suit for specific performance. The North Dakota court held that whatever authority was conferred upon the partnership by the agency contract was terminated upon its dissolution and that the former member of the firm who contracted for the sale of the land had no further power under the agency contract. We concur in the reasoning in that case. The authority given John P. Foerster & Co. to contract for the sale of the lots of appellee ceased immediately upon the dissolution of that firm, and John P. Foerster had no further authority, either in his own name or in the firm name, to act under the agency contract of September 9, 1909, and his contract with appellant for the sale of 51½ lots was not binding upon appellee.

The contract of September 9, 1909, contained the following provision: "The conditions of this contract shall be

binding on the heirs, executors, administrators, assigns and successors of the respective parties hereto." It is not necessary for us to determine the effect of this provision of the contract. No attempt was made during the existence of the partnership to make an assignment of the contract, and, as we have seen, the dissolution of the partnership operated immediately to revoke the agency. Upon the dissolution of a partnership it immediately ceases to exist except for the purpose of winding up the business of the firm. There can be no successor to a partnership, and there is no question of survivorship involved, either under the terms of the contract itself or by reason of the manner in which the dissolution was effected.

The decree of the superior court is affirmed.

*Decree affirmed.*