STANDARD SEWING-MACHINE CO., APPELLANT, *v.* SMITH ET AL., RESPONDENTS.

(No. 3,550.)

(Submitted September 15, 1915.   Decided October 1, 1915.)

[152 Pac. 38.]

*Assignment — Contracts — When Nonassignable—Principal and Surety—Rights of Parties.*

Assignment—When Contracts Nonassignable.
  1.  As a general rule, contracts between private individuals are as-signable, even in the absence of words making them so, subject, how-ever, to the exceptions, among others, that they are not contracts wherein rights are coupled with liabilities, or for personal services, or which involve the relation of personal confidence.

  [As to assignability of executory contracts as affected by element of personal trust and confidence, see note in Ann. Cas. 1915D, 291.]

Same.
  2.  A contract granting an agency to sell sewing-machines in a city and vicinity and prescribing certain duties and liabilities on the part of the agent, accompanied by a bond guaranteeing the fulfillment of his engagements by him, *held* to fall within all the exceptions mentioned in paragraph 1, *supra,* and to be nonassignable.

Same—Consent of Surety.
  3.  A contract in its nature unassignable by one of the parties without the consent of the other and to which a bond was attached guaranteeing faithful performance by the latter, was further incapable of assignment without the consent of the sureties.

Suretyship—Rights of Parties.

4. Engagements of suretyship are *strictissimi juris* and, when addressed to particular persons, can be acted on and enforced by them alone.

[As to release of surety by changing the duties or obligations of the principal, see note in 6 Am. St. Rep. 458.]

*Appeal from District Court, Lewis and Clark County; J. Miller, Judge.*

ACTION by the Standard Sewing-Machine Company against B. S. Smith and others. From an adverse judgment and an order denying it a new trial, plaintiff appeals. Affirmed.

*Messrs. Wight & Pew,* for Appellant, submitted a brief; *Mr. Chas. E. Pew* argued the cause orally.

*Mr. Odell W. McConnell,* for Respondents, submitted a brief and argued the case orally.

MR. JUSTICE SANNER delivered the opinion of the court.

The material facts in this case are: On December 13, 1907, one B. S. Smith entered into a written contract with the Standard Sewing-Machine Company, a Colorado corporation, which contract provided, among other things, the following: That Smith should receive such sewing-machines as the company should send him from either Denver, Colorado, or Cleveland, Ohio; that he should at once provide himself with and keep a horse, harness, and suitable wagon for carrying sewing-machines; that he should operate in the territory of "Helena and vicinity only," which territory he was to diligently work, and in the employment of which he was to be protected by the company from incursions on the part of its other representatives; that he should, for the account of the company, sell machines for cash, or "on notes of responsible parties," or lease them "on monthly payments to reliable parties," such notes and leases to be in the name of the company as payee or lessor; that he should indorse as guarantor all such notes and leases; that he should collect all moneys due or to become due for or on

account of all sales and leases, remitting the proceeds to the company; that he should make full weekly reports of his proceedings; that he should not handle, sell, or lease any other machines; that he should repossess, at the request of the company, all leased machines "on which one or more payments are in arrears"; that he should aid any special agent sent "to check up the business intrusted to him"; that his compensation should be "a commission equal to the amount received for said machines in excess of the following prices"; and that for a violation of the various duties and obligations assumed by him he should, at the option of the company, suffer certain deductions and other penalties.

To this contract was attached an instrument called a "security bond," executed by the respondents at bar, and running to said company specifically, in which it is recited that they "jointly and severally guarantee the fulfillment of the within contract by said B. S. Smith and the payment by him to said company at maturity of all moneys due and to become due" thereunder. This bond, with the contract to which it was attached, was about January 10, 1908, assigned and transferred to the Standard Sewing-machine Company of Ohio, a separate and distinct corporation.

Thereafter, and on January 16, 1908, the Standard Sewing-machine Company of Ohio shipped to Smith a number of sewing-machines to the value of $296. These machines were received and disposed of by Smith, but he "failed to collect and remit to the Ohio company the moneys due upon the same," and "there is still due on account thereof the sum of $206.50," which amount the Ohio company seeks to recover from the respondents.

These facts, together with others of no present consequence, being made to appear to the district court, it was concluded, as a matter of law, that no contractual relation existed between the appellant and the respondents at bar, that they owed to it no debt, and that judgment should be entered for their costs.

This was done, and these appeals are from that judgment, and from an order denying a new trial.

Several questions are sought to be presented, but the vital one is whether the right result was reached upon the facts disclosed by the record. This is to be answered by determining whether the Ohio company acquired any right of action against the present respondents because of the assignment to it of the contract and bond.

1. As to the contract. There is no word or expression in [1, 2] this instrument to evince an intention to make it assignable; but it is a general rule, subject to certain exceptions, that "rights arising out of agreements or contracts between private individuals may be assigned." (4 Cyc. 20.) Unless, therefore, this instrument in some manner shows that it is not assignable, its assignability must be conceded, and the right of the assignee to proceed under it acknowledged.

In the last analysis all the exceptions to the rule of assignability arise out of the nature of the contract, and among them are these: Contracts wherein rights are coupled with liabilities, contracts for personal services, and contracts involving the relation of personal confidence. (4 Cyc. 22; *Winslow* v. *Dundom*, 46 Mont. 71, 125 Pac. 136.) A glance at the contract in question, or the slightest consideration of the stipulations above recited, will, we think, disclose that it is within all these exceptions; especially does it involve personal service and create the relation of principal and agent. A fair test of its [3] assignability by the company is whether it was assignable by Smith, and that Smith could not have made an effective assignment of it without the company's consent is too plain for argument. There are many letters in the record from the Ohio company to Smith, from which the claim of that company to the benefit of the contract and bond may be gathered; but there is nothing to show that Smith ever in fact knew of the assignment. But whether he did or not is of no consequence to the sureties, since, if the contract was in its nature unassignable without his consent, their consent was similarly

requisite to the establishment of privity between the assignee and them in virtue of the same contract. They dealt with the Colorado company, and, needless to say, the interpretation which it might place upon the various stipulations of the contract, the extent to which it should be disposed toward rigorous exaction or dangerous indulgence, were potentially at least matters of much concern to them. They were entitled to the benefit to be anticipated from the character of the Colorado company as they may have considered it, and the Ohio company could not be thrust upon them. (*Arkansas Valley Smelting Co.* v. *Belden Min. Co.,* 127 U. S. 379, 32 L. Ed. 246, 8 Sup. Ct. Rep. 1308; *Ice Co.* v. *Potter,* 123 Mass. 28, 25 Am. Rep. 9; *King* v. *Batterson,* 13 R. I. 117, 43 Am. Rep. 13; *Sprankle* v. *Truelove,* 22 Ind. App. 577, 54 N. E. 461.)

2. Considering the bond itself, there are further reasons [4] why its assignment was unavailing to the Ohio company. The sureties did not agree to answer to anyone save the Colorado company, and then only for such claims as it might have for Smith's failures under the contract. From that company Smith received nothing; to it he owed nothing. It is familiar law that engagements of suretyship are *strictissimi juris;* the sureties are entitled to stand upon the exact letter of their bond; they cannot be charged beyond its terms, and their engagement, when by its nature or language it is addressed to a particular party, can be acted on and enforced by that party alone. (*Schoonover* v. *Osborne,* 108 Iowa, 453, 79 N. W. 263; *King* v. *Batterson, supra;* Brandt, Suretyship, secs. 106, 133.)

We are satisfied that upon the facts presented by this record the right rule was reached. The judgment and order appealed from are therefore affirmed.

*Affirmed.*

Mr. CHIEF JUSTICE BRANTLY and Mr. JUSTICE HOLLOWAY concur.