# W. H. BARBER AGENCY COMPANY v. CO-OPERATIVE BARREL COMPANY.[1]

June 2, 1916.

Nos. 19,745—(121).

**Corporation — assignment of contract by manufacturer's sales agent.**

One employed as a sales agent by a manufacturer cannot transfer the powers and rights which the contract with his principal conferred upon him personally, to a corporation organized by him, unless his principal consents thereto.

Action in the district court for Hennepin county to recover $7,500. From an order sustaining defendant's demurrer to the amended complaint

[1]Reported in 158 N. W. 38.

on the ground that plaintiff had not legal capacity to sue and that the facts stated did not constitute a cause of action, Steele, J., plaintiff appealed. Affirmed.

*Louis A. Hubachek* and *Frank W. Booth,* for appellant.

*Elmer C. Patterson,* for respondent.

TAYLOR, C.

Plaintiff appealed from an order sustaining a demurrer to its complaint.

The complaint sets forth that W. H. Barber was a broker and maintained an organization for the sale of commercial products; that he made a contract with defendant to have the exclusive sale, at a stated commission, for a term of years, of all the butter tubs manufactured by defendant; that after performing such contract for more than four years and establishing a large and lucrative business in the sale of such tubs, he organized the plaintiff corporation which took over all his business and his organization, and has ever since continued the same without any change in the personnel or management thereof; that defendant refused to permit the plaintiff corporation to perform the remainder of Barber's contract for the sale of its tubs, and that plaintiff has been damaged thereby in the amount of the commissions which it could have earned during the remainder of the term.

The sole question presented and argued is whether Barber could transfer his contract to the plaintiff corporation without the consent of the defendant.

Barber was defendant's sales agent, and the case is controlled by the rules governing agency, and not by the rules which apply in the case of assignments of choses in action or of executory contracts creating rights of a different nature. The powers conferred upon an agent are based upon the confidence which the principal has in the agent's ability and integrity, and it is the universal rule that an agent cannot transfer to another powers calling for the exercise of discretion, skill or judgment. 1 Am. & Eng. Enc. (2d ed.) 972, and cases there cited. It is held that where a principal has authorized a partnership to act as his agent, the subsequent dissolution of the partnership terminates the agency, and that a partner who takes over the business cannot continue to act as such agent,

unless the principal authorizes him to do so.   Larson v. Newman, 19 N. D. 153, 121 N. W. 202, 23 L.R.A.(N.S.) 849; Martine v. International Life Ins. Soc. 53 N. Y. 339, 13 Am. Rep. 529; Wheaton v. Cadillac Automobile Co. 143 Mich. 21, 106 N. W. 399; Thomas v. Gwyn, 131 N. C. 460, 42 S. E. 904; Meysenburg v. Littlefield, 135 Fed. 184; H. G. Angle & Co. v. Mississippi & M. R. Co. 9 Iowa, 487; Billingsley v. Dawson, 27 Iowa, 210.

In Meysenburg v. Littlefield, 135 Fed. 184, Meysenburg and Littlefield were selling agents for the Lorain Steel Company.   We quote from the opinion: "It was the skill and diligence of Littlefield and Meysenburg, as partners, with all that term implies, which the Lorain Steel Company contracted for, and when Littlefield and Meysenburg dissolved that relation the consideration so far failed that the contract ceased to be enforceable, and the firm's action in dissolving the copartnership would be such a breach of the contract in question as to justify the steel company in subsequently ignoring it."   In Wheaton v. Cadillac Automobile Co. 143 Mich. 21, 106 N. W. 399, the New Jersey Automobile Company, a partnership composed of two members, was defendant's selling agent in the state of New Jersey.   One of the partners withdrew from the firm and assigned all his interest in the business to the other.   The court held that this gave defendant the right to abrogate the contract.

In the present case, defendant made Barber its agent.   He assumed to transfer to a corporation the power  conferred upon him personally. The corporation is a separate entity controlled by a board of at least three directors, and its stockholders and officers are subject to change at any time.   If it acquired Barber's rights under his contract with defendant, it would retain such rights even if Barber should entirely sever his connection with it.   To permit a person, employed as an agent, to transfer his duties and powers to a corporation without the consent of his principal would involve a more radical violation of the rules governing the relation of principal and agent than to permit a partnership, employed as an agent, to devolve its powers and duties upon one of its members.   Barber could no more substitute plaintiff for himself as defendant's agent, without defendant's consent, than he could so substitute any other corporation or individual.

Order affirmed.