MENENBERG *v.* CARL R. SAMS REALTY COMPANY, INC.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SUMMARY JUDGMENT —CONTRACTS—PARTNERSHIP.
    Whether or not defendants' motion for summary judgment was prematurely made and whether or not contract under which plaintiff attorney and certified public accountant sought recovery of commissions was valid are not considered, where basic determination involved was whether a second partnership was a continuation of an original partnership with which the contract had been made.

2. PARTNERSHIP—DISSOLUTION.—EFFECT ON CONTRACT OF AGENCY.
    The dissolution of a partnership by withdrawal of a partner terminates a contract of agency the partnership had thereto-

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 820.
[2, 4, 5] 2 Am Jur, Agency § 70; 40 Am Jur, Partnership § 267.
[2, 4, 5] Agency conferred upon partners as affected by dissolution of the partnership. 170 ALR 512.
[3] 2 Am Jur, Agency § 196.

fore by operation of law and leaves no rights under the contract for the remaining partner to enforce, since it is the firm which was appointed the agent and not the individual members.

3. Brokers—Nature of Agency Contract for Sale of Land.
   Ordinarily the execution of an agency for the sale of land involves the performance of services that are personal in the sense that they are neither delegable nor assignable.

4. Partnership—Dissolution—Agency Contract of Brokers.
   The dissolution of a real estate brokerage partnership terminates its authority to sell real estate which had been placed in its hands for that purpose.

5. Same—Dissolution—Real Estate Brokers—Liability on Contract Obligations.
   No liability for obligations to attorney and certified public accountant under arrangement he had with an original 3-man partnership engaged in real estate brokerage business in connection with the operations of a building company which was 1 of his clients, could be imposed upon 2 members who formed a new partnership, upon dissolution of the 3-man firm, and made a new and different arrangement with the company, where there was no assumption of the obligations of the 3-man firm to plaintiff by them and no privity of contract.

Appeal from Wayne; Murphy (George B.), J. Submitted April 14, 1953. (Docket No. 10, Calendar No. 45,735.) Decided June 8, 1953.

Action by Jack H. Menenberg against Carl R. Sams Realty Company, Inc., a Michigan corporation, Charles J. Merrill and Paul Threm, for amounts due under contract. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*George Stone,* for plaintiff.

*Donald W. Grant,* for defendants Merrill and Threm.

Bushnell, J. Plaintiff Jack H. Menenberg, a certified public accountant and attorney-at-law, was

an accountant for the Felsot Building Company in 1949. He occupied an office which he rented from George F. Curran, an attorney for Carl R. Sams Company. This company, a copartnership consisting of Carl R. Sams, Charles J. Merrill and Paul Threm, was engaged in the real estate brokerage business.

Sams and Menenberg discussed the possibility of an agreement to sell property for Felsot. Sams proposed that, if such an arrangement could be made, the company would compensate Menenberg for his services in connection therewith and for any miscellaneous legal and tax services he might render to the partnership, its employees and prospective clients. Menenberg arranged a meeting between Felsot and Sams which resulted in an oral agreement that Sams copartnership was to become Felsot's exclusive selling agent at a commission of $250 on each deal over a period of 2 years. As a result of that arrangement the Sams partnership agreed in writing on March 15, 1949, that on every deal sold by it for Felsot, Menenberg would be paid $40 as a "legal fee for services rendered." The Sams partnership sold upwards of 75 properties for Felsot, earned commissions of more than $19,000, and paid Menenberg "approximately the amount due him by virtue of said agreement."

Under a dissolution agreement dated November 10, 1949, Sams was constituted the agent of the partnership for the purpose of winding up its affairs. He was paid a weekly salary and authorized to employ certain named assistants. The written agreement provided for the handling of the proceeds of the dissolution and stated that no new business would be solicited by or received by Sams; no advances would be made to any salesmen; a monthly audit was required and the business was to be wound up as promptly and expeditiously as possible, as soon as

assets could be collected and "the indebtedness paid." The remaining assets were to be equally divided among the 3 partners. Sams continued to occupy the office space formerly used by the partnership, it being understood that, after completion of his work, he would thereafter conduct a real estate business at the same location under the name of Carl R. Sams Realty Company, Inc., a Michigan corporation.

The dissolution agreement further provided that:

"All pending sales of real estate upon which a written offer to purchase has not been made or on which a deposit on account of the purchase has not been received by the Carl R. Sams Company on or prior to the date of this agreement, shall be divided among the partners as follows:"

Six different builders were allocated to Sams individually, and 9 others to Paul Threm and Charles Merrill, the Felsot Building Company being one of them. The agreement stated that—

"This allocation is made on the understanding that the wishes of any of the builders aforesaid shall control where any of such builders may have a preference."

Other provisions of the dissolution agreement are immaterial to the issues presented in this appeal.

Merrill and Threm thereafter formed a copartnership under the name of Merrill-Threm Company. This new partnership continued to handle sales for Felsot, but instead of receiving $250 on each "deal" it only received $200. Neither the Felsot agreement with Sams partnership nor the one with Merrill-Threm was in writing.

Menenberg contends that he advised his client, Felsot, that he was being paid a commission on sales made by the Sams partnership, and that no objection or criticism was made of his action. Felsot testified that Menenberg was his accountant and that he had

rendered legal services to him on occasion and was paid for such services. He stated: :

"Mr. Menenberg never told me that he was to be paid or was getting any money from the Carl R. Sams Company on homes of ours that were sold by the Sams Company."

Menenberg brought an action against the Carl R. Sams Realty Company, Inc., a Michigan corporation, and Charles J. Merrill and Paul Threm, doing business as copartners under the name of Merrill-Threm Company, for the purpose of recovering $40 each on some 267 "deals" which he claims were made after the dissolution of Sams partnership but pursuant to his agreement with that partnership. He took the position that the Merrill-Threm partnership succeeded to the rights, contracts and benefits which the Sams partnership had with respect to "deals" on properties for Felsot, and that Merrill-Threm assumed the obligations of Sams in that respect.

A motion for a summary judgment and a counter-motion to dismiss the declaration were made. After Sams, Merrill, Threm and Felsot had been cross-examined by Menenberg's counsel and by the court, the trial judge, sitting without a jury, filed an opinion and entered an order granting defendants' motion to dismiss plaintiff's declaration and the ancillary writs of garnishment.

On appeal, Menenberg argues that defendants' motion for a summary judgment was prematurely made, that Merrill-Threm assumed Sams' obligation, and that the Merrill-Threm partnership, so far as Menenberg's rights were involved, was a continuation of the Sams partnership. The appeal was dismissed by stipulation as to Carl R. Sams Realty Company, Inc.

The remaining defendants insist that the order granting their motion for a summary judgment was

not contrary to Court Rule No 30 (1945); that the contract under which Menenberg claims is void as against public policy in that it was one to pay a commission to an attorney and a certified public accountant for using his influence to induce his client to list real estate for sale with a particular broker; and that Menenberg's rights, if any, under the contract, if valid and enforceable, terminated upon the dissolution of Sams partnership.

We pass the questions of procedure and invalidity of contract, for the reason that determination turns here, as it did in the trial court, upon the question of whether the Merrill-Threm partnership was a continuation of Sams partnership, so far as Menenberg was concerned, and whether the dissolution terminated Menenberg's rights under the contract with Sams.

In *Egner* v. *States Realty Co.,* 223 Minn 305 (26 NW2d 464, 170 ALR 500), where the facts were somewhat comparable to those in the instant case, the court said in its syllabus:

"Where a partnership is dissolved by the withdrawal of a partner and thereby an agency conferred upon the partnership has been terminated by operation of law, the remaining partner has no rights under the contract to enforce."

The court said in its opinion:

"When a person delegates authority to a firm, it is an appointment of the partnership as his agent, and not of the individual members as his several and separate agents."

The court held that this rule had not been changed by the uniform partnership act, and stated that—

"In *W. H. Barber Agency Co.* v. *Co-Operative Barrel Co.,* 133 Minn 207 (158 NW 38, LRA1916F, 88), we held that an agent to sell personal property

could not transfer the agency to a corporation without the principal's consent."

The court added:

"Ordinarily, the execution of an agency for the sale of land involves the performance of services that are personal in the sense that they are neither delegable nor assignable." Citing *Poppe* v. *Bowler,* 184 Minn 415 (238 NW 890), the *Barber Case, supra,* and 2 Am Jur, Agency, § 196.

The foregoing is in harmony with the rule that the dissolution of a real estate brokerage partnership terminates its authority to sell real estate which had been placed in its hands for that purpose. *Schlau* v. *Enzenbacher,* 265 Ill 626 (107 NE 107, LRA1915C, 576); *Larson* v. *Newman,* 19 ND 153 (121 NW 202, 23 LRA NS 849); *Wheaton* v. *Cadillac Automobile Co.,* 143 Mich 21; and 40 Am Jur, Partnership, § 267.

The Felsot agreement with Sams terminated upon the dissolution of the Sams partnership. There is nothing in the partnership dissolution agreement to indicate that Merrill-Threm Company assumed any of the partnership obligations to Menenberg. On the contrary, the agreement specifically provides for the collection of the assets, the payment of the indebtedness, and the division of the remaining assets equally among the 3 partners.

The oral agreement between Merrill-Threm Company and Felsot differed in its terms from Felsot's agreement with the Sams partnership, and there is no proof of any agreement between the new Merrill-Threm partnership and Menenberg. In the absence of a privity of contract or the assumption by Merrill-

Threm of the Sams obligation to Menenberg, no liability to plaintiff can be imposed upon those defendants.

The judgment is affirmed, with costs to appellees.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.