17138

JOHN W. GREEN and WALTER M. GREEN, Respondents, v.
R. M. CAMLIN, doing business as Camlin Motors, Appellant
(92 S. E. (2d) 125)

*J. Shepherd Thompson, Esq.,* of Georgetown, *for Appellant,*

*James B. Dixon, Esq.,* of Marion, *for Respondents,*

March 29, 1956.

Moss, Justice.

On April 7, 1947, R. M. Camlin, doing business as Camlin Motors, the appellant herein, entered into a "Tucker

Dealer Franchise Agreement" with Tucker Corporation, and by the terms of which the appellant was entitled to sell Tucker Motor vehicles in the corporate limits of Georgetown and Conway, South Carolina. The agreement recites a consideration of Two Thousand Six Hundred ($2,600.00) Dollars and was signed by a Vice-President of the Tucker Corporation and the appellant, and acceptance recommended by the distributor, Darling Motors, Inc., of Charlotte, N. C. The agreement contains three paragraphs which are pertinent to the issue in this case, and they are as follows:

"9. This Tucker Dealer Franchise Agreement constitutes a personal contract between the Company and Dealer and is non-assignable; and, Dealer covenants it will not transfer or assign same, or any part thereof, or any rights thereunder without the written consent of the Company. * * *

"10. Dealer understands that the Distributor recommending acceptance of this agreement is not an agent of the Company and agrees that the Company shall not be bound by or responsible for any statements or representations made by a Tucker Distributor to Dealer unless specifically authorized by the Company. It shall be the burden of Dealer to ascertain before it shall rely on any representations concerning the Company that such representations have been authorized by the Company.

"11. This Tucker Dealer Franchise Agreement to be valid must bear the signature of a duly authorized officer or executive of the Company; the signature of duly authorized officer or executive of Dealer, if a corporation; or, the signature of one of the active partners of Dealer, if a partnership; or, the signature of Dealer, if an individual; and the recommended acceptance of the Tucker Distributor for the territory described in paragraph one (1) above."

On September 15, 1948, for a consideration of Two Thousand Five Hundred ($2,500.00) Dollars, the appellant agreed to sell, and the respondents to buy his right to sell Tucker Motor vehicles in Conway, S. C. On said date Walter M. Green, one of the respondents paid to the appellant

One Thousand Two Hundred Fifty ($1,250.00) Dollars and received a receipt prepared by the appellant, which recites the following:

"September 15, 1948. I do hereby certify that I have received today this 15 day of September, 1948, of John W. Green, the *sume* of Twelve Hundred and Fifty Dollars ($1,-250.00) cash payment on the Tucker *franchaise* for Conway. The balance of Twelve Hundred Fifty Dollars ($1,250.00) to be paid thirty (30) days from this date; at which time the *franchaise* will be divided and Conway awarded to John W. Green."

Thereafter, on October 6, 1948 the balance of One Thousand Two Hundred Fifty ($1,250.00) Dollars was paid to the appellant and a receipt was issued reading as follows:

"Balance of $1,250.00 on Tucker franchise paid in full for franchise in Conway, S. C., Horry County paid by John and Walter Green."

It should be noted that Walter Green became a party to the contract along with his brother, John W. Green.

It also appears that between the dates of the two above quoted receipts that the respondents and appellant conferred with a representative of Darling Motors, Inc., the distributor, for the purpose of having the franchise to sell in Conway transferred to the respondents. Subsequent thereto the respondents filed their application for the franchise at Conway, S. C. with the distributor. He transmitted this application to the Tucker Corporation on October 11, 1948. Thereafter, the Tucker Corporation sent to the distributor certain papers for signatures and returned the application previously filed. The papers so returned included the contract for the agency or franchise at Conway. This was signed by the respondents and returned to the distributor. The respondents also furnished a financial statement and made the necessary arrangements for installment sales. It appears also that the appellant relinquished his selling rights to Tucker automobiles in Conway, S. C., in favor of the respondents,

but certain documents had to be submitted before the Tucker Corporation could approve the transfer of the sales agency to the respondents. It also appears that the distributor, the Darling Motors, Inc., approved all of the papers and mailed same to the Tucker Corporation. However, it is implicit in the record that the Tucker Corporation never issued to the respondents a franchise for Conway, S. C. The record does not show that the Tucker Corporation ever approved such transfer even though a representative of Darling Motors, Inc. testified that such had been approved by the Tucker Corporation. This evidence does not satisfy the provisions of the contract of Tucker Corporation with the appellant because it is specifically provided that the Tucker Corporation would not be bound by any statement or representation made by a Tucker distributor, unless specifically authorized by the Company.

The record also shows that Tucker Corporation was declared bankrupt and its assets taken over by a receiver and all the records of the Tucker Corporation were frozen in such proceeding.

The respondents brought this action to recover from the appellant the amount of the purchase price for the franchise to sell Tucker automobiles at Conway, South Carolina, alleging that the appellant had failed to deliver said franchise to the respondents, even though the contract provided therefor, and by reason of the failure of the appellant to perform his contract with the respondents they were entitled to recover the purchase price paid therefor. The appellant duly answered, alleging as a defense that he had complied with the contract but due to circumstances beyond his control, the actual written approval and transfer of the franchise by Tucker Corporation to the respondents had not been made.

By consent of all parties to the action, a Special Referee was appointed for the purpose of taking the testimony and submitting the same to the court. The testimony was duly taken and reported. Thereafter, the matter was heard by the Honorable G. Badger Baker, Judge of the Twelfth Circuit,

who after hearing arguments of counsel, filed an order awarding judgment to the respondents for the sum of Two Thousand Five Hundred & 00/100 ($2,500.00) Dollars and interest.

The matter comes before this court and the exceptions raise the single question of whether or not the appellant breached the contract made by him with the respondents.

It is apparent from the receipts above quoted that the parties contemplated the contract to be completed when the respondents received the right to sell Tucker automobiles in Conway, South Carolina. He was aware that no part of his agreement with Tucker Corporation could be assigned without the written consent of Tucker Corporation. This written consent was never obtained and hence the respondents never received the right or franchise to sell Tucker automobiles in Conway, South Carolina. The failure to obtain the sales agency or franchise right to sell Tucker automobiles at Conway, South Carolina constituted a breach of the contract between the appellant and respondents and entitled the respondent to recover the consideration paid therefor.

Rights arising out of a contract cannot be transferred if they are coupled with liabilities, or if they involve a relationship of personal credit and confidence. It has been held that a sales agency agreement cannot be assigned without the consent of the principal. *Sumner v. Nevin,* 4 Cal. App. 347, 87 P. 1105; *Detroit Postage Stamp Service Co. v. Schermack,* 179 Mich. 266, 146 N. W. 144; *W. H. Barber Agency Co. v. Co-operative Barrel Co.,* 133 Minn. 207, 158 N. W. 38, L. R. A. 1916F, 88; *Standard Sewing Mach. Co. v. Smith,* 51 Mont. 245, 152 P. 38, L. R. A. 1918A, 292; *Paige v. Faure,* 229 N. Y. 114, 127 N. E. 898, 10 A. L. R. 649; 4 Am. Jur. 237.

We, therefore, must conclude that since the appellant had an exclusive sales agency for Tucker automobiles he could not assign any rights thereunder to the respondents without

the consent of the Tucker Corporation. This consent not having been obtained, the contract failed.

It follows that the respondents were entitled to recover the consideration paid.

In the case of *Von Waldheim v. Englewood,* 115 N. J. L. 220, 179 A. 19, the court said:

"Where impossibility of performing executory contract intervenes, and one party has partially performed without receiving compensation or value, *quasi* contractual obligation is imposed on party receiving such performances to pay its fair value."

It should be stated that the appellant contracted to sell and deliver the right or privilege, which was not completely within his power to fulfill, and even though performances of the contract became impossible without any fault on the part of the appellant, nevertheless the respondents did not receive that which they had purchased and were entitled to a refund of the purchase money.

A general statement of the applicable law is found in 46 Am. Jur., page 790:

"* * *. Likewise, the failure of the seller to make delivery in accordance with the terms of the contract is generally recognized as entitling the buyer to rescind or obrogate the contract, and where he does so, it is the general rule, in case he has made payment in advance of delivery, that he may recover back the money so paid, either upon the theory of money had and received to his use, or money paid on a consideration which has failed."

For the foregoing reasons the exceptions of the appellant are overruled and the judgment of the Circuit Court is affirmed.

STUKES, C. J., TAYLOR, OXNER and LEGGE, JJ., concur.