WILSON, respondent, v. DAVIS et al., appellants.

RECEIVER—*no appeal from his appointment.* No appeal lies from an order of the district court for the appointment of a receiver.

JURISDICTION CONFERRED BY LAW. An agreement of parties cannot confer upon this court jurisdiction, which is not given by law.

*Appeal from the First District, Gallatin county.*

THIS case came before the court at the August term, 1870, and the facts are contained in the report on page     . In October, 1867, Wilson brought this action in the first district in Gallatin county. After a hearing at chambers, the court, HOSMER, J., appointed a receiver to take charge of the property in controversy, and issued an order restraining some of the defendants from interfering with the same. The other facts appear in the opinion. Upon the hearing on appeal, the appellants filed the affidavit of T. Thoroughman, Esq., one of their attorneys, who testified as follows: That the attorneys of respondent, at the time appellants took their exceptions in this cause, orally waived all notices and other legal formalities on appeal.

The arguments of counsel upon the merits of the cause are omitted.

DAVIS & THOROUGHMAN and WOOLFOLK & TOOLE, for appellants.

The affidavit of Thoroughman, on file in this case, shows that all notices and other legal formalities were waived at

the time of the exceptions. No counter affidavit has been filed, and respondent is concluded by the said affidavit. This appeal is as perfect as if all the requirements of the statute had been complied with. If this court believes that such a stipulation was made, as shown by said affidavit, respondent cannot now deny the same without proof, and thereby practice a fraud and deceit upon appellants. Appellants have no remedy for such an injury, as the time within which such notices must be given has long since elapsed. We hold that a sense of justice, binding in the mind of all courts, would declare that such agreements are binding and must be faithfully kept.

The record shows that appellants at the time excepted to the action of the court below in appointing a receiver, and refusing to dissolve an injunction restraining some of the appellants; and that appellants then filed their bond of appeal upon both questions, and thereby took them to the supreme court.

W. F. SANDERS and WORD & SPRATT, for respondent.

This appeal should be dismissed. The case is governed by the practice act of the first legislature. No appeal bond has been filed as required by law. Acts 1865, 97, § 263.

No notice of the appeal was ever filed or served upon the respondent. The service of the notice may be a legal formality, which may be waived, the filing of the notice is not a legal formality. It is the appeal itself. This court has no jurisdiction without such notice being filed, and no jurisdiction can be conferred by the consent or agreement of parties. That which the statute requires is not a "formality" simply. Acts 1868, 95, § 252; *Bonds* v. *Hickman*, 29 Cal. 460; *Wakeman* v. *Coleman*, 28 id. 58; *Hildreth* v. *Gwindon*, 10 id. 490; *Franklin* v. *Reiner*, 8 id. 340. The transcript must show that the notice of appeal was filed; that service of the same was waived, if it was not served; and that an undertaking was filed within the time prescribed by law. See authorities cited above.

No appeal is allowed by law from an order of court

appointing a receiver, until after final judgment. Acts 1865, 95, § 251. The appellants took exceptions to the order appointing a receiver made on November 9, 1867. The injunction was not granted until December following. No exception was taken to this order, and no appeal was taken therefrom. Appellants cannot appeal from one intermediate order and ask the court to review other orders of the court below.

WARREN, C. J. This purports to be an appeal from an order made in this court at chambers by Hon. H. L. HOSMER, judge of the first judicial district court at Madison county, on the motion of the respondent appointing a receiver.

The appointment of a receiver is an interlocutory proceeding, and from such an order no appeal lies. The record shows no motion to dissolve the injunction, and no order refusing to dissolve it, and no final judgment or order from which an appeal could be taken.

The bill of exceptions filed with the transcript, and the original bond filed in this court, show that it was intended to appeal from the order of the court appointing the receiver. No notice of appeal appears to have been filed or given, but an affidavit accompanies the record that all legal formalities were orally waived by respondent on the appeal.

No agreement of parties can confer upon the court a jurisdiction which is not given by law.

The appeal is dismissed, with costs.

*Appeal dismissed.*

KNOWLES, J., concurred.