W. R. STEBBINS, respondent, *v.* SAVAGE ET AL., appellants.

PRACTICE — *Appeal* — *Order appointing receiver.* — An order appointing a receiver is not subject to appeal.

*Appeal from First District, Custer County.*

J. H. GARLOCK, for appellant.

A. F. BURLEIGH, for respondents.

WADE, C. J. This is an appeal from an order appointing a receiver. The plaintiff moves to dismiss the appeal for the reason that the same is not authorized by the statute. Appeals from the district to the supreme court are matters of statutory regulation. The statute designates in what cases appeals may be taken. The designation of these denies the right in all other cases. Appeals may be taken from certain interlocutory and other orders, but an order appointing a receiver does not belong to this class. The right of appeal does not belong or attach to an order appointing a receiver. The statute does not give the right, and this court has already held, in the case of *Wilson* v. *Davis,* 1 Mont. 98, that there is no ap-

peal from an order appointing a receiver. These considerations ought to settle the question conclusively, unless there is something in the case that takes it out of the ordinary rule. It is contended that, because the order commands the defendants to refrain from any and all interference with the receiver in the discharge of his duties as such, it is therefore an injunction, besides being an order appointing a receiver, and that from an injunction an appeal lies to this court. To this it is sufficient answer to say that there is no appeal here from an order enjoining the defendants. The appeal is from the order appointing a receiver, and no mention is made in the notice of an appeal from an order enjoining the defendants. The appointment of a receiver carries with it the right to the possession of the property described, and the further right not to be interfered with in such possession so long as the appointment remains in force. These are the ordinary powers and rights that belong to a receiver in order to make his appointment effectual, and they would have belonged to him, and he could have possessed and held the property, if they had not been mentioned in the order. Possession is property; and possession cannot ordinarily be taken from one and given to another without a hearing and adjudication. But the possession of a receiver is as much the possession of one party as the other. He holds the property for the benefit of the party who shall finally be adjudged entitled to the possession. He is an officer of the law, and in his hands the property is in the custody of the law. He preserves and protects the property for the benefit of the rightful owner. If the complaint does not make a case for the appointment of a receiver, the defendant may move to have the order set aside. Appeal is not the remedy authorized by statute. In this action the defendants, Savage & Sons, made an assignment to Mund and Curry for the benefit of their creditors, and they took possession of the property assigned to them, and entered upon the execution of their trust.

Thereafter, at the suit of some one or more of the creditors, Johnson, the sheriff of Custer county, seized the property so assigned, and took possession of the same. Thereupon the plaintiff, another creditor, brings this action to test the validity of the assignment aforesaid, and asks for the appointment of a receiver to hold the property and the money received from the sale of that which is perishable and going to waste, until the validity of the assignment and the rights of the creditors shall have been adjudicated and fully determined. It does not seem to be a matter of much consequence whether the property is so held and preserved by the sheriff of Custer county or by the receiver appointed herein. The creditors, and not these officers of the court, are the parties interested. Certainly the sheriff, who is the appellant herein, nor the persons in whose behalf he is acting, cannot ask this court to review an order from which there is no appeal. The appeal is dismissed.

(All concur.)