## HARTFORD LIFE INSURANCE COMPANY *v.* DOUDS ET AL., EXECUTORS OF DOUDS.

## HARTFORD LIFE INSURANCE COMPANY *v.* LANGDALE.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF OHIO.

Nos. 265 and 271. Argued March 7, 1923.—Decided April 9, 1923.

1. The lack of power in a state court to interfere in the management of an insurance company of another State or to control the discretion of its officers, does not deprive it of jurisdiction to render a pecuniary judgment, in an action by an insured to recover amounts collected through assessments exceeding the *maxima* specified in the contract of insurance. P. 478.

So *held* where the company appeared and contested the jurisdiction, upon the ground that the proceedings involved its internal affairs and the validity of its action relative to its Safety Fund Department, over which matters the courts of its domicile had exclusive jurisdiction, and that the enforcement of the judgment would deprive it of property without due process of law. *Hartford Life Ins. Co.* v. *Ibs*, 237 U. S. 662, distinguished.

103 Ohio St. 398, 433, affirmed.

CERTIORARI to judgments of the Supreme Court of Ohio affirming judgments against the Insurance Company in actions by the respondents to recover money paid under excessive assessments.

*Mr. Harry B. Arnold, Mr. James C. Jones, Mr. Frank H. Sullivan* and *Mr. James C. Jones, Jr.*, for petitioner, submitted.

*Mr. Smith W. Bennett,* with whom *Mr. Hugh M. Bennett* was on the brief, for respondents.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

These are separate causes, but the facts are similar and both present the same essential question. A statement based upon record No. 271 will suffice.

Petitioner is a Connecticut corporation with home office at Hartford. For many years it has carried on the business of insurance upon the assessment or mutual plan within the State of Ohio. May 4, 1882, it issued to respondent Langdale, aged forty, a certificate of membership, Safety Fund Department, for three thousand dollars. This recites that in consideration of representations, etc., and " the further payment, in accordance with the conditions hereof, of all mortuary assessments," the Company agrees (among other things) to assess holders of certificates " according to the table of graduated assessment rates given hereon, as determined by their respective ages and the number of such certificates in force," and pay the amount so collected to the assured's legal representatives.

The " Table of graduated assessment rates for death losses for every $1,000 of a total indemnity of $1,000,000 " is printed upon the certificate and shows increasing rates for ages from fifteen to sixty. The highest specified rate

is at sixty—$2.68., Immediately after the table this
statement appears: "These rates decrease in proportion
as the total indemnity in force increases above one mil-
lion dollars in amount, and are calculated so as to cover
the usual expense for collecting."

During the years 1903 to 1914 the Company made and
the insured paid assessments on account of death losses at
rates varying from $2.86 to $4.00 per thousand. To re-
cover all above $2.68 per thousand so paid, with interest,
respondent brought suit in the Common Pleas Court,
Franklin County, Ohio. The Company appeared, de-
murred and later answered, saving at all times the ques-
tion of jurisdiction. A judgment against it was affirmed
by the Supreme Court. 103 Ohio St. 398, 433.

Petitioner now insists that the trial court lacked juris-
diction of the subject-matter; that the suit involved the
management of its internal affairs and the validity of
action relative to the Safety Fund Department; that the
courts of Connecticut have exclusive jurisdiction over
such matters; and that enforcement of the Ohio judgment
will deprive it of property without due process of law.

The court below confined its ruling concerning jurisdic-
tion to the trial court's power to render the above men-
tioned money judgment. And it held that to determine
the issue did not require exercise of visitorial power over
the foreign corporation; that the judgment did not inter-
fere with the discretion of petitioner's officers or the man-
agement of its internal affairs. This conclusion, we think,
is plainly right.

By a written contract petitioner had agreed that no
mortuary assessment should exceed $2.68 per thousand.
It demanded and received more, and respondent sued to
recover the excess. All parties came before the court; the
necessary facts were established; and he obtained judg-
ment for a definite sum of money. This cannot interfere
with the management of the Company's internal affairs.

In the recent cause of *Frick* v. *Hartford Life Insurance Co.*, 119 Atl. 229, instituted to enforce an Iowa judgment (179 Iowa, 149) against petitioner based upon facts essentially like those here disclosed, the Supreme Court of Connecticut considered the precise point now urged upon us. In harmony with *Dresser* v. *Hartford Life Insurance Co.*, 80 Conn. 681, 709, it held that the membership certificate constituted a contract not to demand of the assured more than $2.68 per thousand for any mortuary assessment; and also that the jurisdiction of the Iowa court to render judgment for excess payments was clear.

*Hartford Life Insurance Co.* v. *Ibs*, 237 U. S. 662, is not in point. That controversy related to the effect of the decree in *Dresser* v. *Hartford Life Insurance Co., supra,* a class suit instituted to determine the status and proper use of the mortuary fund. The causes now under consideration present no such problem.

The judgments below are

*Affirmed.*