ROHR, Appellant, v. STANTON TRUST & SAVINGS BANK, Respondent.

(No. 5,897.)

(Submitted April 7, 1926. Decided April 22, 1926.)

[245 Pac. 947.]

*Banks and Banking—Voluntary Liquidation—General Creditor not Entitled to Preference.*

Banks and Banking—Voluntary Liquidation—General Creditor not Entitled to Preference.

1. A general depositor in a bank is merely a general creditor and as such is not entitled to any preference over other general creditors when the bank becomes insolvent or goes into voluntary liquidation.

Same—General Creditor—Action on Certificate Issued to General Creditor by Bank in Voluntary Liquidation Does not Lie.

2. Where a bank goes into voluntary liquidation under Chapter 90, Laws of 1923, section 6109e, and in acknowledgment of its indebtedness to a general creditor issues to him a certificate entitling him to dividends thereon as they are declared in the course of liquidation, he may not thereafter bring suit to recover the amount of his claim against the bank, no failure on the part of those in charge of its affairs in carrying forward its liquidation as trustees being shown; and where such an action was brought, a general demurrer to the complaint was properly sustained.

[1, 2] Banks and Banking, 7 C. J., sec. 467, p. 721, n. 16 New; sec. 530, p. 744, n. 95 New; sec. 531, p. 744, n. 96 New; sec. 541, p. 747, n. 40, 41 New; sec. 542, p. 748, n. 50; Evidence, 22 C. J., sec. 70, p. 139, n. 34; sec. 1940, p. 124, n. 25; sec. 1941, p. 125, n. 35, 36; Liquidation, 37 C. J., p. 1265, n. 80, 83; Pleading, 31 Cyc., p. 362, n. 39.

*Appeal from District Court, Cascade County; Stephen J. Cowley, Judge.*

Action by William Rohr against the Stanton Trust & Savings Bank of Great Falls, Montana. Judgment for defendant, and plaintiff appeals. Affirmed.

1. See 3 R. C. L. 519.

*Messrs. Hurd, Rhoades, Hall & McCabe,* for Appellant, submitted an original and a supplemental brief; *Mr. E. J. McCabe* argued the cause orally.

The district court having based its ruling, in sustaining the demurrer of the respondent, upon the ground that the defendant was in voluntary liquidation, the question which suggests itself is whether the fact that a bank is in voluntary liquidation under the statute deprives the court of jurisdiction to render a judgment against such bank. We contend that it does not. (See *Central Nat. Bank of Baltimore* v. *Connecticut Mut. Life Ins. Co.,* 104 U. S. 54, 26 L. Ed. 693; *Chemical Nat. Bank of Chicago* v. *Hartfort Deposit Co.,* 161 U. S. 1, 40 L. Ed. 595, 16 Sup. Ct. Rep. 430 [see, also, Rose's U. S. Notes]; *Merced Bank* v. *Ivett,* 127 Cal. 134, 59 Pac. 393; *Landz* v. *Fresno Loan & Sav. Bank,* 125 Cal. 456, 58 Pac. 63; *Merchants' Nat. Bank of Minneapolis* v. *Gaslin,* 41 Minn. 552, 43 N. W. 483; *Farmers Nat. Bank of Durant* v. *Suther,* 28 Okl. 806, 116 Pac. 173; *Pritchard* v. *(Barnes) First Nat. Bank of Manitowoc,* 101 Wis. 86, 76 N. W. 1106.)

*Mr. George H. Stanton,* for Respondent, submitted a brief, and argued the cause orally.

A creditor may not maintain an action upon an undisputed claim against a bank in voluntary liquidation. (*Arques* v. *Union Savings Bank of San Jose,* 133 Cal. 139, 65 Pac. 307; *Merchants National Bank* v. *National Bank of Lillington,* 231 Fed. 556; 2 Morse on Banks and Banking, 1389.

MR. JUSTICE GALEN delivered the opinion of the court.

In this action the plaintiff seeks to recover from the defendant the sum of $1,191.72, together with interest from July 9, 1923, and costs of suit. In his complaint it is alleged: "That at all of the times hereinafter mentioned the defendant was, and still is, a corporation, duly created, organized, and existing under and by virtue of the laws of the state of Montana, and that during the year of 1923, up to on or about the 9th day of July, 1923, the defendant was engaged in a general deposit

and banking business, with its principal place of business at Great Falls, Montana, and that on or about the 9th day of July, 1923, the said defendant closed its doors to business, and has not since engaged in the said business of banking.''

It is then averred that on or about the seventh day of November, 1924, as evidence of the right and claim of the plaintiff to the payment of the amount due him, the bank made, executed, and delivered to him a certificate in writing, which is made a part of the complaint and it is upon such certificate the plaintiff predicates his right to have judgment. The salient features of the certificate are as follows:

"(This certificate must be presented when each dividend is paid.) Certificate of proof of claim issued by Stanton Trust & Savings Bank (in liquidation) of Great Falls, Montana.

"No. 668.                    Great Falls, Montana,

"November 7, 1924.

"This is to certify that William Rohr, assignee of J. N. Thelen, executor of the estate of Henry Burmeister, deceased, has this day made legal and satisfactory proof of his claim as a creditor of the Stanton Trust & Savings Bank (in liquidation) of Great Falls, Montana, in the amount of eleven hundred ninety-one dollars and 72 cents, upon the following claim, to wit: Balance due on open account subject to check $1,191.72. And said creditor or the lawful assignee of this claim will be entitled to the dividends thereon. No assignment of this claim nor any portion thereof will be recognized in the payment of dividends unless notice of such assignment, evidenced by said creditor's endorsement hereon, is given to said bank before such dividends are declared. This certificate is to be surrendered to said bank upon payment of the final dividends.

"Stanton Trust & Savings Bank (in liquidation),

"By S. J. Doyle, Cashier.

"[Corporate Seal.]''

A general demurrer to the complaint was sustained without leave "to plead anew or amend." Judgment was accordingly entered in favor of the defendant awarding to it its costs. The appeal is from the judgment.

In disposition of the appeal but one question is presented for our determination, *viz.*: Does the complaint state a cause of action? On its face, it is apparent from its allegations that the defendant bank is in process of liquidation. This being true, may the plaintiff maintain an action as a creditor upon an undisputed claim?

Judicial notice is taken of the true signification of all English words and phrases, and of all legal expressions. (Sec. 10532, Rev. Codes 1921.) And from the affirmative allegations of the complaint, it appears that the defendant bank is "in liquidation." The word "liquidation" is defined as: "The act or operation of winding up the affairs of a firm or company by getting in the assets, settling with its debtors and creditors, and appropriating the amount of profit or loss." (3 Cent. Dict. 3474; *Garrett Co.* v. *Morton,* 71 N. Y. Supp. 17, 35 Misc. Rep. 10.) Webster says that, as pertaining to law, liquidate means "to determine by agreement or by litigation the precise amount of (indebtedness or damages), or, where there is an indebtedness to more than one person, to determine the precise amount of (each indebtedness) ; to make the amount of (an indebtedness or damages) clear and certain, or to settle the *data* from which it may be calculated." (New International Dict.) And such meaning of the word liquidation is generally recognized by the courts. (25 Cyc. 1445.)

Section 6079 of the Revised Codes of 1921 provides for the appointment of receivers of insolvent banks, and section 6109e, Chapter 90, Laws of 1923, p. 244, authorizes liquidation thereof by the stockholders. These are the only methods prescribed by the statute for the liquidation of banks. One method is involuntary, and the other voluntary. For our purposes here, whether the liquidation has been voluntary or involuntary, the presumption is indulged that the law has been complied with. (Section 10606, subd. 33, Rev. Codes 1921.)

The general principle of equity that the assets of an insolvent [1, 2] are to be distributed ratably among general creditors applies with full force to the distribution of the assets of a bank. A general depositor of a bank is merely a general credi-

tor, and, as such, is not entitled to any preference or priority over other general creditors. (3 R. C. L., p. 642.) The assets of a bank in process of liquidation are held in trust for the equal benefit of all creditors, and one cannot be permitted to obtain an advantage or preference over another by an attachment, execution, or otherwise. A disputed claim of a creditor may be adjudicated, but those whose claims are recognized and admitted may not successfully maintain actions thereon. So to permit would defeat the very purpose of the liquidation of a bank whether being voluntarily accomplished or through the intervention of a receiver.

Were the bank in involuntary liquidation under a receiver, it would be *in custodia legis,* and an action could not be maintained against either the bank or its receiver upon an admitted claim. Judgments at law and consequent preferences to creditors of an insolvent bank in charge of a receiver, if permitted, would entirely defeat the very purpose of the interposition of equitable jurisdiction. Courts of equity jealously guard all property in the possession of receivers from interference and waste, in order that the greatest benefit may accrue to those justly entitled to the property as a result of the liquidation undertaken by the appointment of a receiver. The appointment of a receiver carries with it the right to the possession of the insolvent's property, and also may not be interfered with so long as such appointment is in force. His duty is to protect and preserve the assets for equitable distribution to those justly entitled thereto. (*Stebbins* v. *Savage,* 5 Mont. 253, 5 Pac. 278; *Gardner* v. *Caldwell,* 16 Mont. 221, 40 Pac. 590.)

So, too, voluntary liquidation of a bank is authorized by our statute. In such cases, insolvency is not a prerequisite. Nevertheless its assets are to be carefully collected and held in trust for the benefit of depositors. Voluntary liquidation is entrusted to the stockholders of a bank under the supervision of the superintendent of banks, and the latter is given power to examine into its affairs at any time to determine whether the rights of creditors and depositors are being protected. If it is found by the superintendent of banks that the bank is not

conducting its liquidation properly, or that the interests of its depositors and creditors are not being properly protected, he is authorized to forthwith take possession of its property and business, and force it to involuntary liquidation. The purpose of the Act is to effect an equitable and economical distribution of the assets of such bank among its creditors, and for this purpose all of its assets are as effectually placed in the hands of the law for purposes of liquidation as though a receiver were appointed. The end to be accomplished is the same. The available assets of such a bank are held in trust, and so conserved that each depositor or other creditor shall receive payment or dividend according to the amount of his debt, and that none of equal class shall receive any advantage or preference over another. The minimization of the expense incident to a voluntary liquidation may be an attractive feature of this method. It is manifest that, were actions to be permitted against such a bank upon an admitted claim, unnecessary expense and a wasting of assets would result. So that where, as here, the indebtedness is acknowledged, and there has been no failure on the part of those in charge of the bank's affairs in carrying forward its liquidation, as trustees, an action against it upon such a claim will not lie.

Under similar statutory provisions of the United States respecting national banks (secs. 5220, 5221, Rev. Stats. [U. S. Comp. Stats., secs. 9806, 9808]), it is held that the action of the stockholders in voting to go into voluntary liquidation is equivalent to the appointment of a receiver in its effect on the property and the rights of the creditors. The assets of the bank become a trust fund, to be administered for the benefit of all creditors *pro rata,* and, while the bank retains its corporate existence and may be sued, the effect of a judgment obtained against it by a creditor is only to fix the amount of the debt. He can acquire no lien which will give him any preference or advantage over other general creditors. (*Merchants' Nat. Bank* v. *Nat. Bank of Lillington* (D. C.), 231 Fed. 556.)

In this case it is manifest from the terms of the certificate made the basis of the action that the bank is in voluntary

liquidation.  Therefore, it is at once apparent that the plaintiff cannot maintain the action on any theory, and the court very properly denied him the right to amend.  The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.