## DUVAL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6432.

Circuit Court of Appeals, Fifth Circuit.

April 5, 1932.

Geo. E. H. Goodner, of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Helen R. Carloss, and Andrew D. Sharpe, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. A. Lyons, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This is a petition for the review of the action of the Board of Tax Appeals in approving the action of the Commissioner of Internal Revenue, under the provision of section 280 of the Revenue Act of 1926 (44 Stat. 61 [26 USCA § 1069 and note]), in assessing against the petitioner, as transferee of assets of the J. E. Duval Printing Company, a dissolved corporation, the

amount, $1,955.57, of a deficiency assessment made against that corporation for the period from January 1, 1919, to August 1, 1919. The action of the Board of Tax Appeals is complained of principally on the grounds that there was a failure to prove that the petitioner was a transferee of the assets of the dissolved corporation, and that a salary deduction of $8,000, taken in the returns made by the petitioner for the dissolved corporation for the part of the year 1919 preceding the date of its dissolution was disallowed.

The findings of fact made by the Board of Tax Appeals in the proceeding which resulted in the order now under review included the following: The petitioner was the owner of all the capital stock of the J. E. Duval Printing Company, except one share which was owned by his wife and one share owned by his daughter. After the dissolution of that corporation the petitioner took over the business and operated it as an individual. The balance sheet of the corporation shows that on August 31, 1919, the corporation had assets of the value of $28,476.68, and liabilities, exclusive of capital, surplus, and undivided profits, in the amount $7,612.51, or a net equity in its property in the amount of $20,858.17. The assets received by the petitioner as transferee of the dissolved corporation had a value at least equal to the amount asserted as a liability against the petitioner.

In the hearing before the Board of Tax Appeals on the petitioner's petition for a redetermination of his liability under the assessment made against him as transferee of assets of the dissolved corporation, the above-mentioned return for the dissolved corporation was offered in evidence, that return setting out a balance sheet which showed what was stated in that regard in the above-recited finding, and the daughter of the petitioner testified that at one time she was a stockholder of the J. E. Duval Printing Company, she owning one share, her mother and petitioner owning the rest of the stock, and that, since the corporation was dissolved, petitioner owned the business and all the property of the corporation; and on motion of the petitioner the record of the Board of Tax Appeals in the proceedings instituted by an appeal from the determination of the Commissioner of Internal Revenue in assessing a deficiency against the dissolved corporation was received in evidence. That record shows that the petition appealing from the assessment made against the dissolved corporation was sworn to by the petitioner, and contained the statements that that corporation was dissolved on August 31, 1919, and that "the sole surviving stockholder was J. E. Duval [the Petitioner], who owned all the stock of the corporation at the time of its dissolution, and who now makes this appeal on behalf of said corporation and himself as its successor." That record also shows that the appeal from the assessment then complained of was submitted on a written stipulation of facts agreed upon by the parties, no evidence being introduced. That stipulation included the following:

"3. The taxes in controversy are income and profits taxes for the eight months period ending August 31, 1919, as follows:

Deficiency determined by Commissioner.... $1,956.57
Deficiency admitted by Appellant........... 555.57

Deficiency in controversy..................... $1,400.00

"4. The business of taxpayer was that of printing, as the name indicates. Prior to incorporation, Mr. Duval ran the business as an individual, under the name of the J. E. Duval Printing Company. The corporation took the same name, and continued the business without change. Upon the incorporation in 1916 all of the stock was issued to Mr. Duval except two shares, of which one share each was issued to his wife and daughter to qualify them as directors of the corporation. The authorized capital stock was $8,000.00 divided into 80 shares of the par value of $100.00 each, all of which was fully paid during 1917. It ceased doing business on August 31, 1919, when it was dissolved.

"5. The books of the company were not closed at the date of dissolution. A return purporting to be for the entire calendar year 1919 was filed on March 15, 1920, in the name of the company. In this return officers' salaries in the amount of $12,000.00 were taken as a deduction. Thereafter an amended return dated March 30, 1921, was filed covering the period January 1, to August 31, 1919, inclusive, on the ground that the previous return was erroneous for the reason that the corporation was dissolved on August 31, 1919, the business thereafter being conducted as the individual business of Mr. Duval. On this return a deduction of $8,000.00 was taken on account of officers' salaries.

"6. Beginning at the end of March, 1918, to the date of dissolution salaries were authorized and paid monthly as follows:

| Name | Stock Ownership | Monthly Salary |
|---|---|---|
| J. E. Duval............ | 76 shares | $165.00 per month |
| Mrs. J. E. Duval...... | 1 share | 10.00 per month |
| Mrs. A. L. Feeks (daughter) .......... | 1 share | 10.00 per month |

"All payments of compensation to officers up to and including August 31, 1919, were charged to 'expense' and the payments applicable to the taxable period in question were included in an item shown on the amended return as 'expenses' which item amounted to $4,728.17. These payments represent the entire amount of compensation paid to officers by the company prior to dissolution and also represent the entire amount authorized.

"7. No consideration had been given to the payment of additional compensation prior to December 31, 1919, at which time additional salaries were placed on the books of the business in the amount of $12,000.00 payable to the officers as follows, as is indicated by the original return.

| | |
|---|---|
| J. E. Duval, President and Treasurer | $10,000.00 |
| Mrs. J. E. Duval, Director | 1,000.00 |
| Mrs. A. L. Feeks, Secretary | 1,000.00 |

"Upon the filing of the amended return a deduction of two-thirds of these amounts was claimed in the amount of $8,000.00 as heretofore indicated.

"The total amount of compensation paid to officers as is shown by the books for the period ended August 31, 1919, as indicated in Paragraph 6 of this stipulation, was $1,480.00. In the audit of the return for such period the Commissioner disallowed the entire amount of the deduction claimed on account of additional salaries."

■■■ The petitioner's introduction in evidence of the record of a former proceeding before the Board of Tax Appeals to which he was a party, which was unaccompanied by any evidence controverting facts which were stipulated in that proceeding, had the effect of an admission by the petitioner of the facts so stipulated. Facts so admitted plainly imported that petitioner, while in complete control of the corporation by virtue of his ownership of 78 of its 80 shares of capital stock, brought about the dissolution of the corporation and the making over or transfer to himself individually of all property of the corporation, the business of which thereafter was conducted as the individual business of the petitioner. There was no evidence having any tendency to prove that anything was paid for the assets of the dissolved corporation by the petitioner or any one else. In the absence of such evidence, the facts stipulated supported a finding that,

instead of the assets of the dissolved corporation being liquidated by a sale, the payment of the corporation's debts, and the distribution of the remaining funds to the stockholders, the petitioner took over those assets for himself and thereafter used them as his own in his individual business. The evidence supported the conclusion that the petitioner so acquired assets of the dissolved corporation having a value at least equal to the amount of the liability asserted against him as to become subject to that liability. Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289; Capps Mfg. Co. v. United States (C. C. A.) 15 F.(2d) 528; Updike v. United States (C. C. A.) 8 F.(2d) 913, 917.

■■■ The contention of the petitioner that the dissolved corporation was entitled to a deduction in the sum of $8,000 was based upon entries made in the books of the business on December 31, 1919, indicating that officers were entitled to additional salaries in the amount of $12,000, the claimed deduction being for the amount of such additional salaries for the part of the year 1919 which preceded the dissolution of the corporation. The evidence negatived the conclusion that any corporate action with reference to additional salaries was taken before the dissolution of the corporation. After its dissolution in August, 1919, the corporation continued in existence as a body corporate for a prescribed time for the purpose of prosecuting or defending suits, settling its business, disposing of its property, and dividing its capital stock, but not for the purpose of continuing its business. Code Ala. 1923, § 7069. The creation of liability of the corporation for additional salaries was a business transaction requiring corporate action which could not be taken after the corporation ceased to exist for the purpose of continuing its business. An alleged liability for additional salaries of officers of the corporation which was not attempted to be created by any corporate action nor until after the corporation had been dissolved was not a business expense incurred or paid by the corporation for which the statute (Revenue Act 1926, § 237 [26 USCA § 989]) allows a deduction from gross income. It follows that the disallowance of the deduction in question was not erroneous.

We find no error in the action of the Board of Tax Appeals which is presented for review. The petition is denied.