REED, Appellant, *v.* WOODMEN OF THE WORLD, Respondent.

(No. 7,065.)

(Submitted April 29, 1933. Decided June 2, 1933.)

[22 Pac. (2d) 819.]

*Mr. Walter Aitken,* for Appellant, submitted a brief and argued the cause orally.

378

*Mr. John L. Schweigert,* of the Bar of Denver, Colorado, and *Messrs. Loud & Choate,* for Respondent; *Mr. I. W. Choate* argued the cause orally.

380

MR. JUSTICE ANDERSON delivered the opinion of the court.

The plaintiff brought this action to recover certain alleged illegal assessments paid under protest by himself and his assignors to the defendant, a foreign mutual fraternal life insurance corporation doing business in Montana.

The plaintiff in his complaint alleges the corporate existence of the defendant; that he was the owner and holder of a benefit life insurance certificate or contract in the defendant corporation, a copy of which was annexed to the complaint; and that the constitution of the defendant provided: "The head officers * * * shall call a double or multiple assessment for any month when at any time the funds available in the benefit fund for the payment of death claims are not sufficient to pay monthly all approved death claims." The constitution further provided that the benefit fund shall be maintained and replenished in such manner that all death claims might be paid within twenty days after their approval.

Plaintiff further alleged that on April 25, 1929, four extra or multiple assessments were levied on plaintiff's certificate and those of his assignors, and that unless the same were paid as demanded, if within their contracts of insurance, the certificates would become void. Plaintiff and his assignors upon receipt of the demand paid the extra assessments under protest, not being advised at such time of the condition of the benefit fund and of the outstanding claims against it.

It was further alleged that these multiple assessments were "illegally, improperly and unnecessarily levied and imposed against the plaintiff and his assignors in that said extra or multiple assessments were not necessary to meet the just and lawful demands against" the defendant "for the payment of death claims," as provided in the constitution of the defendant.

Plaintiff alleged the specific amount paid by each of his assignors under protest, the assignment of the claims of his respective assignors unto himself, his demand for repayment made upon the defendant, and its refusal and retention of the payments.

The defendant appeared by demurrer, challenging the sufficiency of the complaint, on May 9, 1932. On May 28 following, before a hearing was had on the original demurrer, defendant filed an amended demurrer and included an additional ground therein not specified in the first demurrer, namely, that the court was without jurisdiction of the subject matter of the action, in that it appeared on the face of the complaint that the defendant was a foreign corporation domiciled in the state of Colorado, and that, in order for the court to grant the relief demanded in the amended complaint, it would be necessary for the court to interfere with the internal management of a foreign corporation.

The trial court, after hearing, sustained defendant's amended demurrer. Plaintiff failing to amend or further plead, a judgment of dismissal of the action was entered, from which this appeal was perfected.

Plaintiff urges that the defendant, by not raising the question of jurisdiction at the time it made appearance, waived its right to challenge the jurisdiction of the trial court.

Jurisdiction is the power to hear and determine the particular case presented for consideration and to render such a judgment as the law authorizes in that case. In order to bring this power into activity, there must be a complaint containing facts constituting a wrong for which redress may be had under the law; and in order to continue the activity

of this power, the parties defendant must be before the court either as a result of the service of process or by voluntary appearance. (*Holt* v. *Sather,* 81 Mont. 442, 264 Pac. 108.) Parties seeking to challenge the jurisdiction of the court over them waive the right so to do when they contend that through some defect in the process of the court or its service it is without jurisdiction, unless the jurisdictional question is raised at the first opportunity. (*State ex rel. Bingham* v. *District Court,* 80 Mont. 97, 257 Pac. 1014; *In re Graye,* 36 Mont. 394, 93 Pac. 266.) As to other questions of jurisdiction, however, they are never waived, for consent will not give jurisdiction of subject matter. (*Rader* v. *Nottingham,* 2 Mont. 157; *Wilson* v. *Davis,* 1 Mont. 98.)

The benefit certificate and the applicable provisions of the ▮ constitution and by-laws of the defendant corporation constitute the contract of insurance between the parties. (*Osborne* v. *Supreme Lodge,* 69 Mont. 361, 222 Pac. 456.)

The rule is that the allegations of a complaint are sufficient ▮ if a cause of action is stated upon any theory. (*Griffin* v. *Chicago, M. & S. P. Ry. Co.,* 67 Mont. 386, 216 Pac. 765; *Hicks* v. *Rupp,* 49 Mont. 40, 140 Pac. 97; *Marcellus* v. *Wright,* 51 Mont. 559, 154 Pac. 714; *Decker* v. *Decker,* 56 Mont. 338, 185 Pac. 168; *Wing* v. *Brasher,* 59 Mont. 10, 194 Pac. 1106.)

The general rule is that the courts of one state will not exer- ▮ cise the power of deciding controversies relating merely to the internal management of the affairs of a corporation organized under the laws of another state, where the act complained of is the act of the corporation either in a stockholders' meeting or through its agents, and is an act which affects the complainant solely in his capacity of a member, a stockholder, or an officer of the corporation; under such conditions the act complained of is one done in the management of the internal affairs of the corporation, and in the case of a foreign corporation our courts will not assume jurisdiction. (*Allen* v. *Montana Refining Co.,* 71 Mont. 105, 227 Pac. 582; *North State etc. Min. Co.* v. *Field,* 64 Md. 151, 20 Atl. 1039; note, 18 A. L. R. 1383.) Where, however, the act of the cor-

poration complained of affects the complainant's individual right only, then our courts will take jurisdiction whenever the cause of action arises here. (*Allen* v. *Montana Refining Co.,* supra.)

Foreign corporations of the character of the defendant may be sued in the courts of this state, and are required to maintain an agent within the state upon whom service of process may be made. (Sec. 6322, Rev. Codes 1921.) The object of statutes of this nature is to provide for the collection of debts due from foreign corporations from its citizens and to enforce the contracts made here by foreign corporations through their agents. (*North State etc. Min. Co.* v. *Field,* supra.)

Although it is true that plaintiff in this case was a member of the corporation, he bases his claim for relief upon a contract between himself and the corporation. Under his contract multiple assessments were only to be levied when there were insufficient funds to pay death claims in the benefit fund within twenty days after their approval. If the plaintiff is able to establish as a matter of fact that there was sufficient money in that particular fund to pay the death claims, the officers of the defendant corporation were without power to levy the multiple assessments. The determination of this fact, if favorable to the plaintiff, would result only in the rendition of a money judgment definite and certain in amount. Such an investigation and judgment will not interfere with the management of the defendant corporation's internal affairs. (*Hartford Life Ins. Co.* v. *Douds,* 261 U. S. 478, 43 Sup. Ct. 409, 67 L. Ed. 754.)

Counsel for the defendant urge that under the allegations of the complaint it might be attempted to investigate the internal affairs of the defendant, as was involved in a number of cases which they cite, among them *Woodmen of the World* v. *McCue,* 88 Colo. 209, 294 Pac. 947; *Taylor* v. *Mutual Reserve Fund Association of New York,* 97 Va. 60, 33 S. E. 385, 45 L. R. A. 621. Bearing in mind, however, the rule that the complaint is sufficient against demurrer if it states a cause of action upon any theory, the fact that plaintiff may

attempt to offer proof under a theory upon which the complaint does not state a cause of action, will not warrant the sustaining of a demurrer. If on the trial of the cause such an attempt is made, the proof may properly be excluded by timely and proper objections.

Defendant argues the allegation of the complaint wherein ██ it alleges "that said extra or multiple assessments were illegally * * * levied, in that said * * * assessments were not necessary" to meet the death claims against the defendant, as provided by its constitution, was a conclusion of law; hence the complaint does not state a cause of action. Defendant asserts that it was incumbent upon plaintiff to state why the assessments were unnecessary.

The officers of the defendant under its constitution could only make extra or multiple assessments when the amount of money in the "benefit fund" was insufficient to pay death claims within twenty days after their approval. If the assessments were unnecessary, they were so only because there was sufficient money in the benefit fund of defendant to pay all approved death claims.

Defendant contends that the above allegation was equivalent to the statement that the assessments were void or illegal. To say the assessments were illegal or void is clearly a conclusion, for they might have been illegal or void for any number of reasons. However, when the plaintiff pleads the provisions of the constitution wherein the only authority for levying multiple assessments was when it was necessary to enable the society to pay claims, then to say the assessments were not necessary is susceptible of but one meaning, namely, that there was sufficient money in the benefit fund of the defendant to pay the existing death claims.

Where the conclusion describes a legal status or condition ██ or a legal offense, it would ordinarily be termed a conclusion of law; where, on the other hand, the conclusion describes a condition or status not represented or designated by some definite legal term or rule, it will ordinarily be a conclusion of fact. Conclusions of fact are said to be inferences

from subordinate evidentiary facts. (*Travelers' Ins. Co.* v. *Hallauer*, 131 Wis. 371, 111 N. W. 527.) The allegation under consideration is a conclusion of fact, and not of law, and therefore the contention made is without merit.

The defendant further contends that the claims which were assigned to plaintiff are not assignable. Defendant seeks to invoke the rule that a breach of an insurance contract will not entitle the member to rescind and recover back dues and assessments paid by him. (45 C. J. 64.) This rule is without application here, as the payments made by plaintiff's assignors under his theory of the case, were not due under the contract of insurance.

The action is for money had and received, and such an action is upon an implied contract. (*School District No. 12* v. *Pondera County*, 89 Mont. 342, 297 Pac. 498.) It is the general rule that rights arising out of agreements or contracts between private individuals, may be assigned. (*Standard Sewing-Machine Co.* v. *Smith*, 51 Mont. 245, 152 Pac. 38, L. R. A. 1918A, 292.) The contention of the defendant is without merit.

The judgment is reversed and the cause remanded, with direction to overrule defendant's demurrer.

ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and STEWART concur.

MR. CHIEF JUSTICE CALLAWAY: I concur, but with some doubt. If plaintiff had alleged that when the multiple assessments were called there was sufficient money in the benefit fund to pay all death claims within twenty days after approval, I would concur without hesitation.