*23 MR. JUSTICE WEBER,
dissenting:
I dissent from the majority’s holding that approval of certain wage claims was a “grant of additional salaries not provided before the dissolution.”
Montana’s corporation statutes are based in large part upon the Model Business Corporation Act (1960) of the American Bar Association. Official comments to this Act are therefore useful in interpreting Montana statutes. Sections 35-1-904 through 906, MCA, dealing with liquidation and winding up, are counterparts to sections 85 and 87 of the Model Act. The comment to those sections provides in part:
“Historically corporate dissolution resulted in realty reverting to the grantor, personalty escheating to the sovereign and choses in action extinguished with the death of the corporation. This is no longer true. Statutes now prescribe the general effects of dissolution and the procedures to be followed.
“When dissolution has been authorized by the shareholders under section 83 or section 84, a statement of intent to dissolve the corporation is required by section 85 to be filed with the secretary of state. This constitutes notice to the state and public that dissolution proceedings have officially begun. After such filing the business of the corporation ceases except as necessary to wind up its business and affairs. Notice is given to creditors, assets are collected, liabilities discharged, and the remaining assets distributed to shareholders. The orderly liquidation of the corporation is assured and the corporation protected from a multitude of creditors’ suits by dissatisfied shareholders by section 87(c) which provides for liquidation under the supervision of the court on application by the corporation. Many jurisdictions have adopted the Model Act procedure in preference to the older one of dissolving first and constituting the directors as trustees of the liquidation which follows.”
Under former Montana law, voluntary dissolution of a corporation occurred after application to the District Court where the principal place of business was situated. Section *24 15-1108, R.C.M. (1947). Upon verification of the statements contained in the application, the District Court issued a judgment declaring the corporation dissolved and naming the directors as trustees. Section 15-1113, R.C.M. (1947). These statutory trustees were required to wind up the defunct corporation’s affairs by “settling with its debtors and creditors and appropriating the amount of profit or loss.” Gilna v. Barker (1927), 78 Mont. 357, 365, 254 P. 174, 177, citing Rohr v. Stanton Trust & Savings Bank (1926), 76 Mont. 248, 251, 245 P. 947, 948.
Montana repealed its statutes prescribing the trustee method of corporate dissolution in 1967. Directors no longer serve as statutory trustees, holding corporate assets in trust for the benefit of creditors. The process by which a corporation is dissolved requires that certain conditions precedent to dissolution be met. Filing of a notice of intent to dissolve and articles of dissolution are two such conditions precedent to voluntary dissolution. Articles of dissolution can be filed only after “all debts, liabilities, and obligations of the corporation have been paid and discharged or adequate provision has been made therefor and all of the remaining property and assets of the corporation have been distributed to its shareholders.” Section 35-1-111, MCA (1981). Liquidation and discharge of debts precede dissolution. Dissolution occurs when the Secretary of State issues a certificate of dissolution, at which time the existence of the corporation ceases. Section 35-1-912(2), MCA (1981), formerly § 15-2286, R.C.M. (1947).
M & M Entrprises was winding up its business and affairs when the wage claims were presented. Dissolution had not taken place.
The majority cites Duval v. Commissioner of Internal Revenue (5th Cir.1932), 57 F.2d 496 in support of its holding that the liquidating directors lacked power to approve wage claims presented during the liquidation period. Duval addresses the issue of post-dissolution granting of officers’ salaries. It is distinguishable on its facts. Mr. Duval’s wage *25 claim was submitted 7 Vz months after the corporation was dissolved. J. E. Duval Printing Company “ceased doing business on August 31, 1919, when it dissolved.” Duval, 57 F.2d at 497. Mr. Duval assumed all the corporation’s assets without paying any consideration and operated the business as a sole proprietorship thereafter. In March, 1920, he filed a business tax return for the year 1919. The return indicated that Mr. Duval, his wife, and daughter had taken a sizeable salary increase for services rendered before and after the dissolution. The additional salaries were claimed as a corporate tax deduction. The Internal Revenue Service disallowed deduction of the retroactive salaries as a pre-dissolution business expense.
The Ori and Marinkovich wage claims, on the other hand, were presented before dissolution of M & M Enterprises. The claims were not for additional salaries as corporate directors, but for functions generally performed by employees, i.e., clerking at the hotel’s front desk, doing maintenance work on the premises. The trial court found that the “claims were never presented before because the corporation was not in a position to pay them until the hotel was sold.” Trial Memorandum, March 11, 1982 at 7.
Payment of just debts of the corporation is an incident of the winding up process. The Ori and Marinkovich claims should not be automatically disallowed.
“[A]lthough a director occupies a fiduciary relation to the stockholders, he is nevertheless entitled to demand payment for an honest debt due him from the corporation of which he is a director, (citation omitted) However, this rule must be tempered with the qualification that there are circumstances under which equity will not permit him to do so.” Troglia v. Bartoletti and Casey (1969), 152 Mont. 365, 369-70, 451 P.2d 106, 108.
To hold that approval of such claims by directors of a dissolving corporation is ultra vires regardless of the circumstances thwarts legislative intent that all debts be paid or adequately provided for in the winding up period prior to *26 dissolution. Approval or disapproval of claims should be based on general legal principles.